UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN THE CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUL 1 6 2009  ★

BROOKLYN OFFICE

VINCENT MASINO, KEITH LOSCALZO, FRANCISCO FERNANDEZ, ANTHONY FASULO, DAVID DeLUCIA and JAMES KILKENNY, as Trustees and Fiduciaries of the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUNDS,

09 Civ.

                                          Plaintiffs,

**COMPLAINT**

**09 : 3062**

-against-

JUDLAU CONTRACTING, INC. and FEDERAL INSURANCE COMPANY d/b/a CHUBB GROUP OF INSURANCE COMPANIES,

                                          Defendants.

**IRIZARRY, J.**

**MANN M.J**

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## THE PARTIES

1.     Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Anthony Fasulo, David DeLucia and James Kilkenny are the employer and employee representatives and the trustees (hereinafter the "Trustees") of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Benefit Funds"). The Benefit Funds are multi-employer employee benefit trust funds, organized and operated in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). The Benefit Funds maintain their principal place of business at 136-25 37th Avenue, Flushing, New York 11354.

2.     Upon information and belief, defendant Judlau Contracting, Inc. ("Judlau") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 26-15 Ulmer Street, College Point, New York 11354, engaged in the construction business.

3.     Upon information and belief, defendant Federal Insurance Company d/b/a Chubb Group of Insurance Companies ("Federal Insurance") is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059, engaged in the surety bonding business.

## JURISDICTION

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and other supplemental jurisdiction.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Benefit Funds are administered in this district.

## BACKGROUND

5.     The Benefit Funds provide welfare, pension and annuity benefits to members of the Highway, Road and Street Construction Laborers Local Union 1010 ("Local 1010") and/or the Sheet Asphalt Workers Local Union No. 1018 ("Local 1018") (collectively, the "Union").

6.     Pursuant to the terms of a collective bargaining agreement (the "Agreement") entered into between the Union and various employers within the paving industry, the employers are obligated to pay monies to the Benefit Funds according to rate

schedules set forth in the Agreement for all work performed by the employers' pavers and road builders within the trade and geographical jurisdictions of the Union.

7.      The Agreement further provides that employers are obligated to submit union dues to the Union for all work performed by the employers' pavers and road builders together with the Benefit Funds contributions.

8.      The Trustees are authorized to collect the Benefit Funds monies and the union dues (hereinafter the "Fringe Benefits") from employers for remittance to the Benefit Funds and the Union.

9.      Article X of the Agreement provides that the terms of the Agreement shall be binding upon all subcontractors to whom an employer may have sublet all or part of any contract entered into by the employer.  Article X further provides that an employer is responsible for any failure of its subcontractor(s) to make payment of Fringe Benefits pursuant to the Agreement.

10.     Article XI, Section 5(d) of the Agreement provides that if the Benefit Funds conducted a payroll audit which reveals unreported and delinquent benefit contributions, the employer is liable for the cost of the audit.

11.     At all times relevant hereto, Judlau was a party to, and bound by, the terms of the Agreement.

12.     Judlau employed individuals within the trade and geographical jurisdiction of the Union, but failed to make payment of Fringe Benefits pursuant to the Agreement in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009, and interest in the amount of $3,339.12 for previous late payments of contributions.

13.     Upon information and belief, Federal Insurance issued Bond No. 8192-52-94 (the "Bond") to Judlau insuring payment of wages and benefits to all laborers furnishing work performed for Judlau.

14.     The Trustees have demanded payment of the unpaid Fringe Benefits. Defendant has refused these demands.

### FIRST CLAIM FOR RELIEF

15.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14 hereof.

16.     Pursuant to the Agreement, there is due and owing to the Benefit Funds Fringe Benefits in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009, and interest in the amount of $3,339.12 for previous late payments of contributions.

17.     No part of said sum has been paid by Judlau although duly demanded, and by reason thereof the Benefit Funds have been damaged in said amounts.

18.     Pursuant to Article XI, Section 5(a) of the Agreement, if an employer fails to pay Fringe Benefits when due, the employer is liable to the Benefit Funds for interest on the amount of unpaid Fringe Benefits at an annual rate of 10%.

19.     Pursuant to Article XI, Section 5(b) of the Agreement, in the event the Trustees are required to employ an attorney to collect the Fringe Benefits due and owing, Judlau is obligated to pay to the Benefit Funds its attorneys' fees.

20.     Pursuant to Article XI, Section 5(c) of the Agreement, if an employer fails to pay Fringe Benefits when due, the employer is liable to the Benefit Funds for liquidated damages in the amount of 20% of the amount adjudged to be due and owing.

21.     By reason of the foregoing, Judlau is liable to the Trustees in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009, interest on the amount of unpaid Fringe Benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the amount adjudged to be due and owing, attorneys' fees, and interest in the amount of $3,339.12 for previous late payments of contributions.

## SECOND CLAIM FOR RELIEF

22.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 21 hereof.

23.     Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement.  29 U.S.C. § 1145.

24.     Each of the Benefit Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

25.     Judlau is an "employer" as that term is used in Section 515 of ERISA.

26.     Judlau has failed to pay Fringe Benefits to the Benefit Funds pursuant to the Agreement in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009, in violation of Section 515 of ERISA.

27.     Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

28.     By reason of the foregoing, Judlau is liable to the Benefit Funds in the amount of $119,447.93 for work performed during November 2006, April 2009 and May

2009 and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

## THIRD CLAIM FOR RELIEF

29.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 hereof.

30.    By issuing the Bond to Judlau, Federal Insurance assumed liability to pay the Benefit Funds any and all Fringe Benefits due and owing to them which Judlau and/or its subcontractors failed to pay pursuant to the Agreement.

31.    On information and belief, Judlau has failed to pay Fringe Benefits to the Benefits Funds pursuant to the Agreement in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009.

32.    Pursuant to the terms of the Bond, Federal Insurance is required to make payment to the plaintiffs in the amount of $50,000.00 for work performed by Judlau during November 2006, April 2009 and May 2009.

WHEREFORE, plaintiffs demand judgment:

(1)    on their First Claim for Relief against Judlau, in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009, interest on the unpaid Fringe Benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the amount adjudged to be due and owing, attorneys' fees, and interest in the amount of $3,339.12 for previous late payments of contributions;

(2)    on their Second Claim for Relief against Judlau in the amount of $119,447.93 for work performed during November 2006, April 2009 and May 2009,

interest on the unpaid Fringe Benefits, statutory damages, attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g);

       (3)     on their Third Claim for Relief against Federal Insurance in the amount of $50,000.00 for work performed by Judlau during November 2006, April 2009 and May 2009; and

       (4)     granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 16, 2009

                    VIRGINIA & AMBINDER, LLP

                    By:_____
                       Charles R. Virginia (CV 8214)

                    Trinity Centre
                    111 Broadway, Suite 1403
                    New York, New York 10006
                    (212) 943-9080
                    Attorneys for Plaintiffs